UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOL NG TOLEDO, an individual
and KELMS LLC, a Florida
Limited Liability Company

CASE NO.:

    Plaintiffs,

v.

JEMCCO LLC,
A Florida Limited Liability Company

    Defendant.
_____/

**COMPLAINT, DEMAND FOR JURY TRIAL, DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, SOL NG TOLEDO ("Mr. Toledo"), and Plaintiff KELMS LLC ("KELMS" and collectively known as "Plaintiffs"), by and through undersigned counsel, file this Complaint against Defendant, JEMCCO LLC, ("Defendant"), a Florida Limited Liability Company, and states as follows:

**NATURE OF THE SUIT**

1.    This action is brought under the Fair Labor Standards Act ("FLSA"), Florida's Private Whistleblower Act ("FWA"), and Florida state contract law to recover from recover from Defendant minimum wages and an additional equal amount as liquidated damages, overtime compensation and an additional equal amount as liquidated damages, lost wages, benefits, compensatory damages,

including front pay and back pay damages, declaratory and injunctive relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, contractual damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3. This Court also has jurisdiction over Plaintiff's state court Breach of Contract claims and Plaintiff's FWA claims as they arise from the same operative facts and circumstances as his FLSA claims.

4. Venue is proper as Plaintiff worked for Defendant in Polk County, Florida, Defendant operates its business in Polk County, Florida, and the actions giving rise to these claims arose in Polk County, Florida.

5. Mr. Toledo is an adult individual who performed services on an hourly basis as an employee for Defendant's company in Polk County, Florida.

6. KELMS LLC is a Florida Limited Liability Company owned by Mr. Toledo.

## FLSA COVERAGE

7. At all times relevant, Defendant was a covered enterprise covered by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

8. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as kitchen equipment, dining equipment, and uniforms but which had come to rest within Polk County, Florida. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

10. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Managing Directors such as Plaintiffs.

11. At all times material hereto, Defendant employed ten (10) or more persons.

12. 18. At all times material hereto, Defendant was, and still is considered an "employer" within the meaning of the FWA.

## FACTUAL ALLEGATIONS

13. Defendant initially hired Mr. Toledo as an hourly, non-exempt Managing Director on March 1, 2020.

14. Shortly thereafter, the COVID-19 Pandemic struck, and Defendant shut down operations.

15. On October 1, 2020, Defendant resumed operations and rehired Mr. Toledo an hourly, non-exempt Managing Director once again.

16. Prior to commencing employment, Defendant offered Mr. Toledo the position of Managing Director at $37.50 an hour, overtime after forty (40) hours, and bottom-line profits from Defendant's business in exchange for his employment services.

17. Regarding the bottom-line profits, Defendant informed Mr. Toledo that he would charge Mr. Toledo $1.00 extra per pound of the seafood inventory Mr. Toledo would order, and the rest of the profits would belong to Mr. Toledo.

18. Mr. Toledo accepted Defendant's offer, and, in consideration for same, commenced work on Defendant's behalf.

19. Plaintiff and Defendant entered into a legally enforceable Contract/Agreement under Florida law.

20. Despite the parties' Contract/Agreement, Defendant failed and/or refused to compensate Mr. Toledo for his full agreed upon salary under the Contract/Agreement during his employment with Defendant.

21. During the course of his employment, Mr. Toledo worked an average of sixty (60) to seventy (70) hours per week.

22. Despite this, Defendant failed to pay Mr. Toledo **at all** for the first three weeks of his employment.

23. Defendant's failure to properly pay Mr. Toledo for all his standard and overtime hours worked constitutes a material breach of the Contract/Agreement under Florida law.

24. In addition to not being paid his overtime wages for hours worked over forty (40) per week, Mr. Toledo was not paid the required minimum wage for all hours worked, based on Defendant's refusal to pay Mr. Toledo at all, and its failure account for his hours thus ensuring that his total weekly compensation exceeded minimum wage.

25. As a result, on October 29, 2020, Mr. Toledo objected to owner, Ernest Springs ("Mr. Springs"), and requested to be paid properly and in full for the hours worked, including overtime, and promised profits.

26. These objections are considered protected activity under the FLSA and FWA.

27. In response to these objections, Mr. Springs gave Mr. Toledo a check for $1000.00, an amount far below what Mr. Toledo was actually owed for his hours worked (standard and overtime) and earned bottom line profits.

28. When Mr. Toledo objected to this underpayment, Mr. Springs dismissed his concerns by stating that there is "no money" to pay Mr. Toledo.

29. As a result, from November 1, 2020, through February 15, 2021, Defendant paid Mr. Toledo "under the table" in cash and checks.

30. The payment amounts were arbitrary and ranged from $500.00 and $1000.00 per check.

31. As stated before, these sums were far below what Mr. Toledo was actually owed hours worked (standard and overtime) and earned bottom line profits.

32. On February 15, 2021, Mr. Toledo objected once again to this underpayment, and informed Mr. Springs that he needed a check with an accompanying pay stub for proof of income.

33. As a result, for the first two weeks of March 2021, Defendant paid Mr. Toledo for forty (40) hours at his rate of $37.50 and provided him with a paystub, despite Mr. Toledo working anywhere from 60-70 hours per week during that pay period.

34. For the last two weeks of March 2021, Defendant simply wrote a personal check to Mr. Toledo, but again refused to pay him for his earned overtime hours and promised bottom line profits.

35. On April 1, 2021, Mr. Toledo objected again to Mr. Springs regarding Defendant's nonpayment/underpayment of wages and promised bottom line profits.

36. In response, Mr. Springs informed Mr. Toledo that the only way Defendant would pay him properly would be through a corporation.

37. As a result, Mr. Toledo opened KELMS LLC, provided Mr. Springs with the corresponding paperwork, and continued working in the hopes that Defendant would compensate him properly.

38. Mr. Toledo continued worked for Defendant diligently, usually averaging sixty (60) to seventy (70) hours per week, but Defendant still refused to pay Mr. Toledo for the full hours he worked along with promised bottom-line profits.

39. In fact, during April 1, 2021, through June 30, 2021, Defendant routinely elected to pay Plaintiffs **nothing at all** for several weeks of work.

40. On June 30, 2021, Mr. Toledo objected to Mr. Springs once again, and once again, his objections were dismissed.

41. On July 1, 2021, in retaliation for Plaintiffs' objections to Defendant's various violations of law, Defendant terminated Plaintiffs' employment in violation of the law.

42. Defendant terminated Plaintiffs' employment because Plaintiffs objected to Defendant's breach of contract, non-payment and/or underpayment of an overtime premium under the FLSA, failure to pay minimum wage, and unlawful pay practices.

43. There is an extremely close temporal proximity/nexus between Plaintiffs asserting/renewing their objections to Defendant's illegal pay practices, and his termination shortly thereafter.

44. Plaintiffs have been damaged as a result of Defendant's retaliation and termination of their employment.

45. As a result of Defendant's unlawful and retaliatory termination of their employment, Plaintiffs have suffered severe emotional distress.

46. Plaintiffs should have been compensated at the rate of one and one-half times Plaintiffs' regular rate for all hours that Plaintiffs worked in excess of forty (40) hours per week, as required by the FLSA, throughout their employment.

47. Defendant violated Title 29 U.S.C. §207 in that:

48. Plaintiffs worked in excess of forty (40) hours in one or more workweeks for their period of employment with Defendant;

49. No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

50. Defendant failed to maintain proper time records as mandated by the FLSA.

51. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

52. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

53. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

54. Based on the allegations in Paragraphs 63-65, above, Plaintiffs are entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

55. As to the FWA claims, Plaintiffs' objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Toledo as a whistleblower under the law.

56. Plaintiffs were terminated in direct retaliation for reporting and objecting to Defendant' unlawful actions, or what they reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery v. Wallace Lincoln-Mercury, LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

57. Additionally, in light of the foregoing material breaches of the Agreement, Plaintiffs have suffered damages, and are entitled to their unpaid wages, minimum wages, liquidated damages, overtime wages, interest, and attorneys' fees pursuant to Section 448.08, Florida Statutes.

58. Plaintiffs has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent them in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT II - VIOLATION OF 29 U.S.C §206 - MINIMUM WAGE UNDER FLSA

59. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-24 above.

60. Plaintiffs were entitled to be paid the applicable federal minimum wage for each hour Plaintiffs worked for Defendant.

61. Defendant failed to pay Plaintiffs the federal minimum wage for each week Plaintiffs worked for Defendant.

62. As a result of Defendant's actions in this regard, Plaintiffs were not paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

63. Defendant willfully failed to pay Plaintiffs the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

64. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiffs have been damaged in the loss of minimum wages during their employment with Defendant.

65. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

66. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

67. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

**WHEREFORE**, Plaintiffs request this Court to enter a judgment against Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## COUNT III - VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

68. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-24 of the Complaint, as if fully set forth herein.

69. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

70. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

71. Plaintiff was not an exempt employee as defined by the FLSA.

72. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

73. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff's time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

74. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

75. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered in his favor against Defendant, and that this Court declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA, award Plaintiff minimum wages for all hours worked, award Plaintiff liquidated damages in an amount equal to the minimum wage award, award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b), and award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## COUNT I- BREACH OF PLAINTIFF'S EMPLOYMENT CONTRACT

76. Plaintiffs reallege and incorporate all allegations contained within Paragraphs 1-24 of the Complaint, as if fully set forth herein.

77. Plaintiffs and Defendant entered into a Contract to pay Plaintiffs $37.50 an hour, overtime after forty (40) hours, and bottom-line profits from

Defendant's business.

78. Plaintiffs accepted Defendant's offer to work for said compensation and, in consideration for same, engaged in work on Defendant's behalf.

79. Defendant willfully failed to pay Plaintiffs for their wages accrued and earned upon their termination.

80. Defendant breached the Agreement with Plaintiffs for payment of their wages due.

81. Plaintiffs have been damaged due to Defendant's willful breach and failure to pay Plaintiffs the agreed upon compensation.

82. Pursuant to Section 448.08, Florida Statutes, Plaintiffs, who were employees of Defendant, are entitled to costs of this action and reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs request this Court to enter a judgment against Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## COUNT I- FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

83. Plaintiffs reallege and incorporate all allegations contained within Paragraphs 1-23 of the Complaint as if fully set forth herein.

84. On July 1, 2021, Defendant terminated Plaintiffs from their employment in violation of Section 448.102(3), Florida Statutes.

85. Plaintiff was retaliated and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what they reasonably believed to be illegal activity, being conducted by Defendant.

86. Plaintiffs objected to, and refused to participate in, this violation of a law, rule, or regulation or what they reasonably believed to be a violation of this law, rule, and regulation, and were fired as a direct result of same, which constitutes a violation of the FWA.

87. As a result of Defendant's intentional, willful and unlawful actions, Plaintiffs have suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

WHEREFORE, Plaintiffs request a judgment in their favor and against Defendant for their actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as their costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED this November 16, 2021

                                           Respectfully Submitted,

                                           ***/s/ Noah E. Storch***
                                           Noah E. Storch, Esq.
                                           Florida Bar No. 0085476
                                           RICHARD CELLER LEGAL, P.A
                                           10368 W. State Road. 84, Ste. 103
                                           Davie, Florida 33324
                                           Telephone: (866) 344-9243
                                           Facsimile: (954) 337-2771
                                           Email: **noah@floridaovertimelawyer.com**
                                           *Attorneys for Plaintiff*