UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 8:21-cv-02692-KKM-CPT

SOL NG TOLEDO, an individual
and KELMS LLC, a Florida
Limited Liability Company
    Plaintiffs,
v.

JEMCCO LLC,
A Florida Limited Liability
    Defendant.
_____/

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA SETTLEMENT AGREEMENT AND RELEASE ("FLSA Agreement") is made by and between SOL NG TOLEDO, and individual, and KELMS LLC (collectively referred to as "PLAINTIFF"), and JEMCCO LLC ("DEFENDANT"). PLAINTIFF and the DEFENDANT shall sometimes be referred to collectively herein as the "Parties."

### RECITALS

WHEREAS, PLAINTIFF filed the above-referenced lawsuit (the "Lawsuit" or "Action") against DEFENDANT, alleging claims arising out of his former employment with DEFENDANT, including alleged unpaid minimum wage and overtime under the Fair Labor Standards Act (FLSA) and Breach of Contract for failure to pay PLAINTIFF for wages accrued and earned (this FLSA Agreement does not include, and specifically excludes, Plaintiff's claims for Unlawful Retaliation in Violation of 29 U.S.C. § 215(a)(3) and for Unlawful Retaliation under Florida's Private Whistleblower Act); and

WHEREAS, DEFENDANT denies liability and any wrongdoing with respect to PLAINTIFF; and

WHEREAS, the Parties understand and agree that the claims and causes of action asserted in the Action are disputed, that the Parties are desirous of settling such disputes to avoid further litigation, and that the Parties have agreed to enter into this FLSA Agreement to resolve PLAINTIFF's wage and hour-related claims (FLSA and Breach of Contract only) which were brought and/or could have been brought, and avoid the expense, time, trouble, and uncertainty of further investigation and/or litigation;

NOW, THEREFORE, intending to be legally bound and in consideration of the mutual promises and agreements set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matters are hereby resolved contingent upon: (1) final payment pursuant to the terms of the Agreement and (2) final approval of the Agreement by the Court, as follows:

1. **RECITALS**. The foregoing recitals are complete, true and correct and are incorporated herein and made a part of this FLSA Agreement by reference.

2. **CONDITION PRECEDENT**. This FLSA Agreement and the settlement described herein are subject to the condition precedent that the FLSA Agreement be approved in its current form by a written order entered by Court ("Approval Order").

3. **RELEASE OF FLSA AND BREACH OF CONTRACT CLAIMS**.

   a. This FLSA Agreement shall constitute a waiver and release of all claims PLAINTIFF might have under the Fair Labor Standards Act and/or applicable Florida law and for Breach of Contract for wages accrued and earned against Releasees [as defined in paragraph 3(c) below] for unpaid wages, minimum wage and overtime compensation, liquidated damages and attorneys' fees.

   b. PLAINTIFF shall withdraw, in writing and with prejudice, any all actions, claims or proceedings that he filed against either of the DEFENDANT for alleged violations of the Fair Labor Standards Act and/or applicable Florida law and Breach of Contract for wages accrued and earned seeking unpaid wages, minimum wage and overtime compensation, liquidated damages and/or attorneys' fees. Specifically, upon execution of this FLSA Agreement, the Parties shall file a mutually agreed upon *Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice and Incorporated Memorandum of Law* with the Court.

   c. In consideration of the Settlement Sum identified in paragraph 4.a. below, PLAINTIFF, on behalf of himself, his heirs, administrators, executors, predecessors, successors, agents, and assigns, hereby knowingly and voluntarily releases and forever discharges DEFENDANT, together with its owners, principals, parents, predecessors, successors, assigns, subsidiaries, affiliates, clients, and insurers, and their directors, officers, shareholders, members, employees, managers, agents, and attorneys, both in their capacity as such and in their individual capacity (collectively "**Releasees**"), of and from any and all claims of unpaid wages, minimum wage, overtime compensation, liquidated damages and/or attorneys' fees under the Fair Labor Standards Act, applicable Florida law, or Breach of Contract for wages accrued and earned that PLAINTIFF has or could have maintained against of any of the Releasees under the FLSA, applicable Florida law, or and Breach of Contract for wages accrued and earned, through the date of his signing this FLSA Agreement.

4. **CONSIDERATION**.

2

a.  If (1) PLAINTIFF delivers to DEFENDANT' counsel an executed original of this FLSA Agreement, a completed IRS W-4 Form signed by PLAINTIFF, and completed W-9 Forms signed by PLAINTIFF and his attorney, and (2) the Court enters an Approval Order and/or dismisses the entire Action with prejudice, then, in consideration of the matters set forth herein, DEFENDANT shall pay to PLAINTIFF the total sum of Seventeen Thousand Dollars and Zero Cents (**$17,000.00**) (hereinafter, the "Settlement Sum"). Such Settlement Sum shall be delivered to RICHARD CELLER LEGAL, P.A. within ten (10) days of the Court's approval of this settlement and dismissal of this lawsuit with prejudice, allocated as follows:

- $3,600.00, made payable to SOL TOLEDO as and for alleged minimum and overtime wages ($3,400.00) and Breach of Contract for wages accrued and earned ($200.00), which amount shall be subject to deductions and withholding, and for which an IRS Form W-2 shall issue to SOL TOLEDO;
- $3,400.00, made payable to SOL TOLEDO, as and for alleged liquidated damages, which amount shall be *not* subject to deductions or withholding, for which an IRS Form 1099 shall issue to SOL TOLEDO; and
- $10,000.00, made payable to RICHARD CELLER LEGAL, P.A. as and for attorney's fees and costs relating to PLAINTIFF's claims under the Fair Labor Standards Act and Breach of Contract for wages accrued and earned, for which an IRS Form 1099 shall issue to RICHARD CELLER LEGAL, P.A. The Parties acknowledge and agree that the attorney's fees payable by the DEFENDANT to Richard Celler Legal, P.A. were negotiated separate and apart from, and without regard to, PLAINTIFF's wage and hour and Breach of Contract claims, and that PLAINTIFF's recovery will not be reduced by any part of the attorney's fees or costs in this case. PLAINTIFF specifically is aware of, and agrees with, the amount of fees to be paid to his attorneys for representing his interests in this matter, and that these fees are reasonable.

PLAINTIFF understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this FLSA Agreement, including the Release contained herein, and his fulfillment of the promises contained herein.

b.  DEFENDANT makes no representation as to the taxability of the amounts to be paid to PLAINTIFF. PLAINTIFF agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. PLAINTIFF agrees to indemnify Releasees and hold each of them harmless from any interest, taxes or penalties assessed them by any governmental agency as a result of the non-payment of taxes by PLAINTIFF, on any amounts paid to PLAINTIFF under the terms of this FLSA Agreement.

5.  **AFFIRMATIONS**.

a.  PLAINTIFF affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Releasees seeking unpaid wages, overtime or minimum wages/compensation, liquidated damages and/or attorneys' fees for violations of the Fair Labor Standards Act, applicable Florida law, or and Breach of Contract for wages accrued and earned, in any forum or form, except the above-referenced lawsuit.

3

      b.    PLAINTIFF further affirms that as of the date of this FLSA Agreement he has reported all hours worked and acknowledges that the Settlement Sum he is receiving will compensate him in full for all compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other compensation, wages or bonuses are due to him from the DEFENDANT or Releasees for services rendered on behalf of and/or at any time during PLAINTIFF's employment with either of the DEFENDANT.

      c.    PLAINTIFF acknowledges and agrees that the claims and causes of action asserted in the Action are disputed and that the Settlement Sum constitutes an amount to which he would not otherwise be entitled in the absence of this FLSA Agreement. The Settlement Sum set forth in Paragraph 4 settles and compromises all wage and hour claims PLAINTIFF has or may have against the DEFENDANT and all Releasees.

6.    **COOPERATION AND TERMINATION OF THE LAWSUIT**. PLAINTIFF shall cooperate with the DEFENDANT to obtain the dismissal of the Lawsuit with prejudice. The Parties shall jointly submit a Motion for Approval of FLSA Settlement and shall cooperate in obtaining the dismissal of the Lawsuit in its entirety with prejudice.

7.    **NO ADMISSION OF LIABILITY**. The Parties acknowledge and agree that this FLSA Agreement constitutes a fair, reasonable, and acceptable compromise of disputed claims. Neither this FLSA Agreement nor the furnishing of the consideration for this FLSA Agreement shall be deemed or construed at any time for any purpose as an admission by either of the DEFENDANT of any liability, unlawful conduct of any kind or violation of any of the laws identified in this FLSA Agreement. PLAINTIFF hereby acknowledges that the DEFENDANT and the Releasees deny that it/they have violated the FLSA or otherwise engaged in any wrongdoing or unlawful conduct whatsoever.

8.    **ACKNOWLEDGMENTS AND ASSURANCES**. PLAINTIFF acknowledges that by executing this FLSA Agreement, he is giving up all claims for unpaid wages, overtime/minimum wage compensation, Breach of Contract for wages accrued and earned, liquidated damages and/or attorneys' fees for violations of the Fair Labor Standards Act, applicable Florida law, and Breach of Contract for wages accrued and earned, she may have against Releasees, except as provided in this FLSA Agreement. PLAINTIFF hereby acknowledges that he: (a) has read this FLSA Agreement and understands all of its provisions; (b) has consulted with legal counsel of his choice (at his expense) before signing this FLSA Agreement; and (c) voluntarily enters into this FLSA Agreement, which is contractual in nature and contains a waiver and release of all wage and hour and FLSA claims, and Breach of Contract for wages accrued and earned, of any kind that PLAINTIFF may have against the Released Parties.

9.    **ENTIRE AGREEMENT**. The Parties represent and acknowledge that this FLSA Agreement contains the entire understanding and agreement between the Parties concerning PLAINTIFF's FLSA claims and Breach of Contract for wages accrued and earned, and that, in executing this FLSA Agreement, the Parties do not rely on and have not relied upon any representation or statement made by any other Party not set forth in this FLSA Agreement.

10. **SEVERABILITY**. If any term or provision of this FLSA Agreement is determined to be invalid or unenforceable in any respect, or enforceable only if modified, such determination shall be limited to the narrowest possible scope in order to preserve the enforceability of the remaining terms and provisions of this FLSA Agreement, with all such remaining terms and provisions of this FLSA Agreement continuing unabated and in full force and effect. The Court may modify and bring about a modification of any invalid or unenforceable provision to make it enforceable under applicable law. Subject to the terms of this FLSA Agreement, any modification shall become a part of the FLSA Agreement and treated as though originally set forth in this FLSA Agreement..

11. **VENUE AND GOVERNING LAW**. This FLSA Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. In the event that a party commences an action for damages, injunctive relief, or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its/his reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

12. **CONSTRUCTION**. This FLSA Agreement is deemed to have been drafted jointly by the Parties. The Parties agree that the language of all parts of this FLSA Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. No ambiguity or uncertainty in this FLSA Agreement shall be interpreted in favor of or against any Party.

13. **ATTORNEYS FEES AND COSTS**. Either Party to this FLSA Agreement shall be entitled to an award of his/its costs and reasonable attorneys' fees expended if it prevails in any action for breach of and/or to enforce the terms of this FLSA Agreement.

14. **EXECUTION IN COUNTERPARTS.** This FLSA Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All counterparts together shall constitute one and the same instrument. Delivery of executed signature pages of this FLSA Agreement by facsimile transmission or e-mail will constitute effective and binding execution and delivery of an executed original of this FLSA Agreement

PLAINTIFF ACKNOWLEDGES THAT HE HAS NOT RELIED ON ANY REPRESENTATIONS, PROMISES, OR AGREEMENTS OF ANY KIND MADE TO HIM IN CONNECTION WITH HIS DECISION TO SIGN THIS AGREEMENT, EXCEPT THOSE SET FORTH IN THIS FLSA AGREEMENT.

HAVING ELECTED TO EXECUTE THIS FLSA SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE

CONSIDERATION, ENTERS INTO THIS FLSA AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES FOR UNPAID WAGES, OVERTIME/MINIMUM WAGE COMPENSATION, LIQUIDATED DAMAGES AND/OR ATTORNEYS' FEES UNDER THE FAIR LABOR STANDARDS ACT, APPLICABLE FLORIDA LAW, AND BREACH OF CONTRACT FOR WAGES ACCRUED AND EARNED.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE FLSA AGREEMENT, HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS FLSA AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS FLSA AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS FLSA AGREEMENT ARE CONTAINED IN THIS FLSA AGREEMENT.

THE PARTIES ARE SIGNING THIS FLSA AGREEMENT VOLUNTARILY AND KNOWINGLY.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties hereby execute this FLSA Settlement Agreement and Release consisting of 14 enumerated sections by voluntarily signing below and with full knowledge of the significance of all of the FLSA Agreement's provisions.

PLEASE READ CAREFULLY. THIS FLSA SETTLEMENT AGREEMENT INCLUDES A RELEASE OF KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS.

Dated: May 26, 2022, 2022

*Sol Ng Toledo*
Sol Ng Toledo (May 26, 2022 13:08 EDT)
SOL TOLEDO

Dated: May 26, 2022, 2022

KELMS LLC

By: *Sol Ng Toledo*
Sol Ng Toledo (May 26, 2022 13:08 EDT)

Print name: Sol Ng Toledo

Title: Owner

6

Dated: __MAY 10__, 2022

JEMCCO LLC

By: _____

Print name: _Ernest G Spring_

Title: _President_